In the matter of the TUTORSHIP of EZILDA VOLANT LABARRE.

When a minor has no ascendant in the direct line, the Probate Judge is not to appoint his presumptive heir, as tutor.  C. C. 285.  When there are relations who may claim the tutorship by the effect of law, or who are bound to accept the same, and the Judge is called upon to appoint a tutor from among them, the tutorship is a legal one, and he cannot appoint the presumptive heir, but must select the nearest of kin who comes after such presumptive heir or heirs.

It is only where a minor has no relations who may claim the tutorship by the effect of the law, or who are bound to accept the same, that there is room for a dative tutorship.  C. C. 288.

APPEAL from the Court of Probates of Jefferson, Smith, J.

M. V. Labarre, for the appellant.

L. Peirce, contra.

MORPHY, J.    This is an appeal by Joseph Volant Labarre, from a judgment of the Probate Court of the Parish of Jefferson, refusing to homologate the deliberations of a family meeting, which recommended Joseph Volant Labarre to be tutor of the minor Ezilda Volant Labarre, and to deliver to him letters of tutorship. The ground taken by the Judge is, that the person thus recom-

mended is the brother and presumptive heir of the minor, and that under article 285 of the Civil Code, he cannot appoint him. The article relied on by the Judge is as follows : " In case the minor has no ascendant in the direct line, the legal tutorship shall be given to the nearest of kin in the collateral line, *who comes immediately after the presumptive heir or heirs of the minor ;* and if there are two or more relations in the same degree, *after the presumptive heir or heirs of the minor*, the Judge shall appoint one of them, by and with the advice of the meeting of the family."

This provision of law, which existed in the Code of 1808, p. 62, art. 10, is not to be found in the Roman, Spanish, or French laws, from which we have borrowed most of ours on this subject. It was clearly taken from the laws of Solon, which forbade, among other similar regulations, that the presumptive heir of a minor, should be his tutor. Introduction au Voy. dans la Grece, par Barthelemy, 267. Thelusson, Histoire de la Jurisp. Rom. p. 18, Lorry, Institutions, vol. 1, p. 160.

This is the first time, we believe, that this article of the code has been brought to our notice for construction, if from the language used in it there can be room for any. It is, however, contended by the appellant's counsel that the exclusion therein pronounced, must be confined to those cases only where the tutorship is claimed by the effect of the law, and does not apply to a dative tutorship; that, in the former kind of tutorship, the Judge appoints alone, without the advice of a family meeting, except where there are two or more relations in the same degree ; while, in the latter, the tutor is always appointed by and with the advice of a family meeting ; that the members of the family meeting, who are personally acquainted with the person they select as dative tutor, would not recommend the brother of the minor, if he were of such a character as to sacrifice the interest of the minor to his own ; that this exclusion is not to be found in article 288, which treats of dative tutors, nor in article 322, which enumerates all the causes of incapacity, or exclusion, in relation to tutorship in general.

The legal rights and incapacities of parties cannot be varied by the proceedings they may think proper to institute to obtain such rights, or to avoid such incapacities. The intention of article 285 is clearly, that when a minor has no ascendant in the direct line,

the Judge is not to appoint his presumptive heir to be his tutor. This prohibition of the law is not to be evaded by calling for a family meeting, when, perhaps, none was necessary in this case, and treating as a dative tutorship, one which is clearly a legal tutorship. It is only where the minor has no relations who may claim the tutorship by the effect of the law, or who are bound to accept the same, that there is room for a dative tutorship. Civil Code, art. 288. When there are such relations, and the Judge is called upon to appoint a tutor from among them, the tutorship is a legal one ; and, under the law, he cannot give the trust to the presumptive heir, but must appoint the nearest of kin, who comes after such presumptive heir or heirs. If such be clearly the duty of the Judge, it is not seen how the deliberation of a family meeting can authorize him to violate it. Whatever we may think of the policy of this provision of our code, or of the inconveniences it might create, it is free from doubt, and must be carried into effect,

*Judgment affirmed.*